IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION

| | |
|---|---|
| MATTHEW SCHAFER,<br><br>         PLAINTIFF,<br><br>vs.<br><br>PINNACLE FINANCIAL GROUP, INC.,<br><br>         DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, Matthew Schafer ("Plaintiff" or "Schafer") by and through his attorney, L. Ashley Zubal, and for his Complaint against the Defendant, Pinnacle Financial Group, Inc. (hereinafter "Defendant" or "Pinnacle"), alleges as follows:

## I.     INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.     JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.     PARTIES

3. Plaintiff, Matthew Schafer, is a natural person residing in Urbandale, Iowa.

4. Defendant, Pinnacle Financial Group, Inc., is a business engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to T-Mobile, which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

10. On or about October 03, 2010, the Plaintiff purchased two mobile phones from a representative of Target, "Matt Winship." The service plan for the phones was through T-Mobile. Representative Matt explained to the Plaintiff that if he was not happy with the phone service or the phones themselves, he had fourteen days to return the phones for a full refund.

11. After using the phones for approximately one week, the Plaintiff did not feel the phones he purchased were receiving very good reception.

12. On or about October 13, 2010, the Plaintiff returned to Target and returned the phones to Representative Matt and requested a refund. Representative Matt provided the Plaintiff with a full refund and stated that the phones would be returned to T-Mobile.

13. During approximately the third week of November, 2010, the Plaintiff received a billing statement from T-Mobile on the phones he had purchased then returned to Target. The Plaintiff immediately contacted Target and explained that he had returned the phones and had received a refund. The Plaintiff explained that he disputed the debt. A representative of T-Mobile explained that Target's representative did not properly return the phones and that the account was still showing a payment due. The

representative requested the Plaintiff contact Target's representative to have the phones returned properly.

14. The Plaintiff immediately contacted Target's representative, Matt Winship, and explained that he was being billed by T-Mobile and that there was a problem returning the phones. Representative Matt stated that he would take care of the problem.

15. During approximately the third week of December, 2010, the Plaintiff received another bill from T-Mobile. The Plaintiff again explained the situation to T-Mobile, provided the information to contact Target, and expressed that T-Mobile needed to contact Target's representative to fix the problem. The Plaintiff requested T-Mobile stop attempting to collect the debt as he was not liable for the debt. The Plaintiff again immediately contacted Target's representative Matt and explained that the problem had not yet been fixed. Matt assured the Plaintiff he would fix the problem.

16. The Plaintiff also began receiving collection phone calls during December, 2010. T-Mobile assigned the account to the Defendant, Pinnacle, for collection. The Plaintiff explained the error to Pinnacle's representative, disputed the debt, and requested the Defendant cease contacting him. The Plaintiff immediately contact Target's representative Matt and provided Matt with Pinnacle's information and requested Matt contact Pinnacle to resolve the problem.

17. Since the date of the Plaintiff's initial communication with the Defendant in December, 2010, the Defendant has failed to forward the required written correspondence to the Plaintiff stating the amount of the debt and the Plaintiff's right to request verification of the debt.

18. During approximately the third week of January, 2011, the Defendant again received collection correspondence from T-Mobile. The Plaintiff immediately contacted T-Mobile as well as Target's representative, Matt. The Plaintiff continued to dispute the debt with T-Mobile and requested they cease contacting him or attempting to collect on a debt he did not owe.

19. The Plaintiff continued to receive collection calls from the Defendant throughout December and January, 2010. The Defendant, despite the Plaintiff's numerous explanations and dispute of the debt during each phone call, refused to investigate whether the Plaintiff was in fact liable. During each call, the Defendant's representatives repeatedly requested the Plaintiff make a payment and stated that unless he made a

payment, the non-payment would be indicated on his credit report. After each call from the Defendant, the Plaintiff contacted Target's representative Matt, and requested Matt contact Pinnacle to resolve the issue.

20. Since the date of the Plaintiff's initial communication with the Defendant in December, 2010, the Defendant has failed to forward any written verification of the alleged debt.

21. Notwithstanding the Plaintiff's repeated disputes and requests that the Defendant cease contacting him, the Plaintiff continued to receive collection calls from the Defendant on the following dates: 02/04/11, 02/07/11, 02/09/11, and 02/10/11. The Plaintiff continued to contact Target's representative Matt, requesting he resolve the issue. Further, during approximately the second week of February, after contacting Target's representative Matt, Matt had explained he had faxed the proof of refund and return of the phones to Pinnacle over fifteen times.

22. Throughout January and February, 2010, the Plaintiff asked if the Defendant's representative had notes on the account indicating the dispute. During almost each phone conversation with Defendant's representatives, the representative denied having any notes on the account at which time the Plaintiff was forced to explain the circumstances and dispute the debt repeatedly.

23. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: embarrassment, humiliation, frustration, anger, stress, fear, loss of sleep and anxiety.

### V. FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

24. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 23.
25. Pinnacle Financial Group, Inc. and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:
    a. The Defendant violated 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or

    continuously with intent to annoy, abuse, or harass any person at the called number in connection with the collection of a debt.

  b. The Defendant violated 15 U.S.C. § 1692e(2)(A) through the false representation of the character, amount, or legal status of the debt.

  c. The Defendant violated 15 U.S.C. § 1692e(5) through the threat to take any action that cannot legally be taken or that is not intended to be taken.

  d. The Defendant violated 15 U.S.C. § 1692e(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

  e. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

  f. The Defendant violated 15 U.S.C. § 1692g by failing, within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor.

26. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

27. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

28. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI. SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

29. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 28.

30. Pinnacle Financial Group, Inc. and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692(d)(5); 1692e(2)(a); 1692e(5); 1692e(10); 1692f; and 1692g.

   b. The Defendant violated Iowa Code § 537.7103(1)(c) through a false accusation made to a person or threat to falsely accuse, including a credit reporting agency, that a debtor is willfully refusing to pay a just debt.

   c. The Defendant violated Iowa Code § 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at unusual hours or times known to be inconvenient, with intent to annoy, harass or threaten a person.

   d. The Defendant violated Iowa Code § 537.7103(4)(e) through a misrepresentation, or a representation which tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal proceeding.

31. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

32. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

33. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

**WHEREFORE,** the Plaintiff respectfully requests that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII.  JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

                                       Respectfully submitted,


                                       <u>  /s/ L. Ashley Zubal</u>
                                       L. Ashley Zubal IS9998256
                                       Marks Law Firm, P.C.
                                       4225 University Avenue
                                       Des Moines, IA 50311
                                       (515) 276-7211
                                       (515) 276-6280
                                       ATTORNEY FOR PLAINTIFF